S10Y1320, S10Y1321. IN THE MATTER OF JEFFERSON LEE ADAMS (two cases).

(700 SE2d 383)

PER CURIAM.

These matters are before the Court on the State Bar's recommendation that Respondent Jefferson Lee Adams (State Bar No. 003523) be given a Review Panel or public reprimand with conditions for violating Rules 1.3, 1.4, 1.16, 5.3, and 9.3 of the Georgia Rules of Professional Conduct found in State Bar Rule 4-102 (d). As explained below, we impose a public reprimand with conditions recommended by the State Bar.

This appeal involves four disciplinary matters, which the State Disciplinary Board (SDB) assigned docket numbers 5394, 5477, 5478, and 5479. The complaints relate to Adams's representation of two individuals and a couple in three different legal proceedings. Adams acknowledged service of all four complaints but failed to timely answer any of them. As a result, Special Master Roy R. Kelly III entered default judgments against Adams on all four disciplinary complaints, and the facts and violations alleged in the complaints are deemed admitted by Adams. On July 8, 2009, the Special Master entered his Report and Recommendation, which recited the follow-

ing facts and disciplinary violations deemed admitted by Adams:

- In SDB No. 5394, a client retained Adams to represent him in a divorce case. Adams filed the complaint but failed to appear at the calendar call on November 6, 2006. Adams faxed a conflict letter, but the trial court found it untimely because it included no dates other than November 6, 2006. The next day neither party nor Adams appeared for trial, and the court dismissed the case for failure to prosecute. Adams ceased communicating with his client and did not respond to the Notice of Investigation when the matter was referred to the Investigative Panel. Adams violated Rules 1.3, 1.4, 1.16, and 9.3.
- In SDB No. 5477, a client paid "The Georgia Law Group of Hurley" $500 to represent her in a civil case. Thereafter, Adams assumed responsibility for the firm and renamed it "The Georgia Law Group of Adams," but he did not perform any services on the client's case. No one at the firm communicated with the client or handled her case. Adams responded to the Notice of Investigation, stating only that while the firm was in his name, the office manager maintained control over the bank accounts, and Adams had no access to them. Adams violated Rules 1.3, 1.4, 1.16, and 5.3.
- In SDB Nos. 5478 and 5479, a couple retained "The Georgia Law Group of Hurley" to represent them in a civil case and paid a $500 fee before Adams took over responsibility for the firm. The couple consulted with the office manager, who "assigned" them to Adams. No one returned the fee they paid or their client file, which contained pictures and paperwork. Adams responded to the Notice of Investigation, again stating that only the office manager had control over the firm's accounts. Adams violated Rules 1.3, 1.4, 1.16, and 5.3.

The Special Master recommended a range of sanctions from a Review Panel reprimand or public reprimand on the low end to a six-month suspension with conditions on the high end.

On August 3, 2009, Adams filed a "Request for Review Before the State Disciplinary Board" seeking an opportunity to present evidence to the Board to supplement the Special Master's Report. Adams attempted to explain his failure to timely respond before the Investigative Panel and the Special Master, claiming that it was due to a substance abuse problem and his ignorance of the disciplinary process. Adams asserted that he did not receive a copy of the motion

for default judgment and thus did not respond until he received the Special Master's December 15, 2008 order granting the motion. Adams recited as mitigation that at the time he represented these clients and when the formal disciplinary complaints were filed, he was suffering from a serious substance abuse problem, living in treatment facilities with unreliable mail service, and pursuing recovery in concert with the State Bar's Lawyer Assistance Program (LAP). Adams asserted that he had reimbursed one of the aggrieved clients and had been making payments to another one and claimed that he had been working as an assistant public defender in the Flint Judicial Circuit since April 2008. Adams claimed that he was working with and being monitored by the LAP. Finally, Adams attached an incomplete, unsigned answer to the formal complaint in SDB No. 5394 that was never properly filed.

The Special Master treated Adams's filing as a motion for reconsideration and denied it. Adams then filed an "Exception and Supplement" to the Special Master's Report reiterating his assertions. This time, Adams provided some documentation for his claims, attaching two unauthenticated letters. The first is from Clinical Director Steven Brown, MS, CEAP, summarizing Adams's involvement with the LAP starting in February 2007, his long-term inpatient treatment and later moves to residential treatment and transitional housing, and the positive reports from his treatment providers about his progress. The second letter, from Charles B. Pekor, Jr., Vice Chair of the LAP Committee, stated that Adams had made restitution to one client and was making payments to a second one and that Adams's commitment to recovery was sincere and progressing well. The State Bar filed a response but did not object to or comment on any of the mitigation evidence Adams offered.

The Review Panel agreed with the Special Master's entry of default judgment against Adams for failing to file timely answers and approved the Special Master's findings of fact and conclusions of law. However, the Review Panel was troubled both by the spare allegations of the four formal complaints filed by the State Bar and by Adams's untimely and partial responses. The Review Panel commended Adams's attempts to get help for his addiction but expressed concern that he did not submit evidence documenting his efforts toward recovery. The Review Panel expressed concern about relying on evidence attached to an unsworn pleading that was not properly entered into the record, was filed after the evidentiary portion of the disciplinary process was closed, and on which the State Bar had no opportunity to cross-examine Adams. The Review Panel was also nonplused by Adams's failure to produce any documentation, timely or untimely, showing that he had repaid or was attempting to repay his wronged clients. The Review Panel recommended a three-month

suspension with conditions.

The record was docketed in the Court on April 30, 2010. On May 19, 2010, Adams requested a 60 to 90 day extension of time to file an exception to the Review Panel's Report and Recommendation, which we denied. Notwithstanding our order, on May 25, 2010, Adams filed an untimely "Exception and Supplement," which we will not consider.

The State Bar filed a response. Differing from the Review Panel's recommendation, the State Bar asks this Court to impose a Review Panel reprimand or a public reprimand and to require that Adams provide evidence to the State Bar within two weeks that he has refunded to the complaining clients all the fees they paid him and also give the State Bar quarterly updates regarding his treatment for one year.

Like the Review Panel, we are concerned about the lack of specificity and support for Adams's assertions and the absence of properly admitted evidence regarding his efforts to overcome his substance abuse problem. Moreover, Adams's own information indicates that he has been involved with the LAP since February 2007 and was employed by the Flint Judicial Circuit Public Defender's Office starting in April 2008. Yet he failed to file a response to any of the formal complaints until August 2009, and the answer he submitted was incomplete, unsworn, extremely untimely, and related only to one of the four disciplinary matters at issue. Although Adams was in residential treatment during this time period, thus allegedly making mail receipt difficult, he still was able to acknowledge service of the formal complaints, was aware of the proceedings, and could have notified the State Bar of his circumstances and updated his address with the State Bar. These circumstances are troublesome, because Adams appears to have abandoned the disciplinary proceedings at the same time that he was actively involved in the LAP and while he was employed as an attorney.

These proceedings involve multiple examples of abandonment of legal matters. Adams failed to timely respond to the disciplinary authorities, and from his own filings, it appears that Adams still has not refunded the fees at issue in SDB Nos. 5477, 5478, and 5479. Nevertheless, the State Bar did not contest Adams's claims about his substance abuse problem, treatment, and progress toward recovery, nor did it dispute the authenticity of Adams's late-filed letters of support. Moreover, the State Bar's recommended conditions will ensure that Adams's wronged clients are repaid and that Adams's progress is monitored closely by the State Bar for the next year.

For these reasons, the Court accepts the State Bar's recommendation and orders that Adams receive a public reprimand conditioned on his providing evidence to the State Bar within two weeks

of this order that he has fully refunded the fees to the clients in SDB Nos. 5477, 5478, and 5479. In addition, Adams is ordered to provide the State Bar with quarterly updates concerning his substance abuse treatment for a period of one year commencing on the date of this order.

*Public reprimand with conditions. All the Justices concur, except Hunstein, C. J., who dissents.*

DECIDED SEPTEMBER 20, 2010.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.