S11Y0889, S11Y0890, S11Y0891. IN THE MATTER OF
JEFFERSON LEE ADAMS (three cases).
(711 SE2d 627)

PER CURIAM.

These disciplinary matters are before the Court on the Report and Recommendation of the Special Master, Roy R. Kelly III, recommending that the Court accept the petition for voluntary discipline filed by Jefferson Lee Adams (State Bar No. 003523) and impose a Review Panel reprimand based on Adams's mishandling

---

and neglect of two matters and violations of Rules 1.3, 1.4, 5.3, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

After the State Bar filed three formal complaints, Adams filed his answers and a petition for voluntary discipline in which he sought a Review Panel reprimand. The State Bar requested that the Special Master accept the voluntary petition and impose a Review Panel reprimand. Based on the written record, the Special Master addressed the three matters that formed the basis of the formal complaints in a single order and found as follows.

In the first matter, Adams represented a client in a child support and visitation case. The attorney-client relationship turned contentious, and the client stopped payment on a $1,500 check to Adams. Nevertheless, Adams prepared documents and appeared in court on the client's behalf, and the Special Master concluded that Adams did not violate any rules.

In the second matter, a client had retained "The Georgia Law Group of Hurley" to represent him in his divorce case. Adams later assumed ownership of the firm, changing its name to "The Georgia Law Group of Adams." The office manager prior to and during Adams's ownership maintained control over the firm's bank accounts, concealed clients from Adams, and eventually locked him out of the office. Adams did some work for this client but failed to represent him adequately. Adams did not submit a sworn response to the Notice of Investigation.

In the third matter, a client retained Adams to represent him in his criminal appeal, and the client's sister paid Adams $7,500. Adams filed the notice of appeal but did not file a brief. The client was awarded fees from Adams in arbitration, and Adams paid the award. Adams did not submit a sworn response to the Notice of Investigation.

The Special Master concluded that by his conduct in the second and third matters, Adams violated Rules 1.3, 1.4, 5.3, and 9.3. The maximum sanction for a violation of Rules 1.3 and 5.3 is disbarment, and the maximum sanction for a violation of Rules 1.4 and 9.3 is a public reprimand.

In considering the discipline to impose, the Special Master noted that Adams had recently received a public reprimand from this Court for his conduct in four other matters. See *In the Matter of Adams*, 287 Ga. 815 (700 SE2d 383) (2010). The Special Master found that the conduct currently under review occurred in 2006, during which time Adams had a substance abuse problem that affected his ability to practice law. In February 2007, Adams sought help from the Lawyer Assistance Program and entered a residential treatment program. He no longer lives at the facility but continues to receive

treatment. The Special Master recommended the imposition of a Review Panel reprimand because the disciplinary violations occurred in 2006, more than four years ago; Adams sought treatment for his substance abuse problem; Adams has made restitution; and Adams has received the public reprimand imposed in the earlier case.

It appears that the Special Master considered Adams's earlier public reprimand ordered by this Court as a mitigating factor in deciding to recommend a Review Panel reprimand instead of a stronger sanction. The Special Master erred in doing so. In deciding the appropriate level of punishment, the existence of other disciplinary violations by the lawyer is generally an aggravating factor, not a mitigating factor. Moreover, in the previous case, the Special Master recommended a Review Panel reprimand at the low end to a six-month suspension at the high end, and the Review Panel recommended a six-month suspension. This Court's imposition of only a public reprimand for those violations reflected lenience that likely would not have been granted had we been aware of these two additional instances of misconduct by Adams.

Upon consideration of the record and in light of the disciplinary violations and sanction in Adams's previous case, we conclude that a Review Panel reprimand is not a sufficient sanction for the additional violations that he committed in this case. Accordingly, we reject Adams's petition for voluntary discipline.

*Voluntary petition rejected. All the Justices concur.*

DECIDED MAY 16, 2011 —
RECONSIDERATION DISMISSED JUNE 27, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.