In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Kristine A. PESHEK, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Kristine A. PESHEK, Respondent.

Supreme Court

*No. 2011AP909–D.—Decided June 24, 2011.*

2011 WI 47

(Also reported in 798 N.W.2d 879.)

¶ 1. PER CURIAM.   This is a reciprocal discipline matter. The Office of Lawyer Regulation (OLR) filed a complaint against Attorney Kristine A. Peshek seeking the imposition of discipline reciprocal to that imposed by the Illinois Supreme Court. On May 18, 2010, the Illinois Supreme Court suspended Attorney Peshek's Illinois law license for 60 days, effective June 8, 2010, based on two counts of misconduct. Upon our review, we impose the same 60–day suspension imposed by the Illinois Supreme Court. The OLR does not seek costs. Accordingly, no costs will be imposed.

¶ 2.   Attorney Peshek was admitted to practice law in Illinois in 1989. She was admitted to the State Bar of Wisconsin in 2008. Attorney Peshek has not been subject to previous discipline.

¶ 3.   The following facts are taken from the documents attached to the OLR's complaint relating to the Illinois disciplinary proceedings. Attorney Peshek's misconduct in Illinois consisted of publishing a blog with information related to her legal work from June of 2007 to April of 2008. The public blog contained confidential information about her clients and derogatory comments about judges. The blog had information sufficient to identify those clients and judges using public sources.

¶ 4.   In addition, Attorney Peshek's misconduct involved failing to inform the court of a client's misstatement of fact. One of her clients told a judge, on the record, that she was not using drugs. Later, the client informed Attorney Peshek that the client was using methadone at the time of her statement in court.

374

Attorney Peshek did not inform the judge of this fact or correct the client's misstatement.

¶ 5. On August 24, 2009, the Illinois Attorney Registration and Disciplinary Commission (the Illinois Commission) filed a complaint against Attorney Peshek alleging two counts of misconduct:

- Count I: Using or revealing a confidence or secret of the client known to the lawyer, in violation of Rule 1.6(a) of the Illinois Rules of Professional Conduct (IRPC); and conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770; and

- Count II: failing to call upon a client to rectify a fraud that the client perpetrated on the court, in violation of IRPC 1.2(g); failing to disclose to a tribunal a material fact known to the lawyer when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client, in violation of IRPC 3.3(a)(2); conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of IRPC 8.4(a)(4); conduct that is prejudicial to the administration of justice, in violation of IRPC 8.4(a)(5); and conduct which tends to defeat the administration of justice or to bring the courts or the legal profession into disrepute, in violation of Illinois Supreme Court Rule 770.

¶ 6. Attorney Peshek filed in the Illinois Supreme Court a petition to impose discipline on consent and affidavit admitting the facts of the misconduct. On February 26, 2010, at a hearing before the Illinois Commission, Attorney Peshek requested the panel approve the petition to impose discipline on consent. On Attorney Peshek's behalf, her counsel informed the panel that Attorney Peshek had been practicing law for

more than 20 years and worked tirelessly as a public defender for her entire career. Counsel asked the panel to consider the traumatic event that led to the stress Attorney Peshek attempted to resolve through writing a blog about her experiences as a public defender. The stressful incident occurred when Attorney Peshek was representing a criminal defendant at his trial for home invasion and armed robbery. In open court during the trial, the client punched Attorney Peshek in the face, resulting in Attorney Peshek suffering a concussion and other physical injuries.

¶ 7. The client was charged with aggravated battery in relation to his assault on Attorney Peshek. Attorney Peshek was ultimately diagnosed with acute stress disorder. The trial judge denied Attorney Peshek's motion to withdraw and Attorney Peshek was required to represent the client at his re-trial. Attorney Peshek was also suffering from a serious medical issue that at the time was undiagnosed.

¶ 8. Counsel advised the panel that Attorney Peshek began the blog about her thoughts and experiences to help her deal with her stressful situation. At no time did she discern any risk of disclosing client confidences, because she believed she adequately concealed her clients' identities to avoid inappropriate disclosure.

¶ 9. However, at the time of the disciplinary proceeding, Attorney Peshek realized the risk in that regard and regretted her mistake. After the issue was brought to her attention, she removed all entries related to client matters. As far as her client's misinforming the court, counsel advised that Attorney Peshek misunderstood her ethical obligations at that point and had no intention of assisting her client in a fraud on the court.

¶ 10. On May 18, 2010, the Illinois Supreme Court accepted the petition of the Illinois Commission

to impose discipline on consent and suspended Attorney Peshek's license to practice law in Illinois for 60 days, effective June 8, 2010. The Illinois Supreme Court also directed Attorney Peshek to reimburse the Client Protection Program Trust Fund for any client protection payments arising from her conduct.

¶ 11.    After reviewing the matter, we impose the identical 60-day suspension imposed by the Illinois Supreme Court. *See* SCR 22.22.[1] On April 25, 2011, Attorney Peshek admitted service of the authenticated copy of the OLR complaint and the order to answer. On April 28, 2011, this court ordered Attorney Peshek to inform the court, in writing, of any claim, predicated upon the grounds set forth in SCR 22.22(3), that the imposition of discipline identical to that imposed in Illinois would be unwarranted and of the factual basis for any such claim. The order stated that if Attorney Peshek failed to respond by May 18, 2011, the court

---

[1] SCR 22.22 provides, in pertinent part:    Reciprocal discipline.

(3) The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

(4) Except as provided in sub. (3), a final adjudication in another jurisdiction that an attorney has engaged in misconduct or has a medical incapacity shall be conclusive evidence of the attorney's misconduct or medical incapacity for purposes of a proceeding under this rule. ...

would proceed under SCR 22.22. Attorney Peshek filed no answer to the complaint and did not respond to this court's April 28, 2011, order.

¶ 12.   On June 2, 2011, the OLR filed with this court a stipulation signed by Attorney Peshek in which she agrees with the facts alleged in the complaint and the documents attached to the complaint, and that she is subject to reciprocal discipline pursuant to SCR 22.22. Through the stipulation, Attorney Peshek does not claim defenses to the proposed imposition of reciprocal discipline, nor does she contest the imposition of discipline in Wisconsin.

¶ 13.   IT IS ORDERED that the license of Kristine A. Peshek to practice law in Wisconsin is suspended for a period of 60 days, effective July 25, 2011.

¶ 14.   IT IS FURTHER ORDERED that Kristine A. Peshek shall comply with the terms and conditions set forth in the Illinois Supreme Court's order and judgment of May 18, 2010.

¶ 15.   IT IS FURTHER ORDERED that Kristine A. Peshek comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.