*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.

S12Y1117, S12Y1118, S12Y1119. IN THE MATTER OF JEFFERSON LEE ADAMS (three cases).
(729 SE2d 313)

PER CURIAM.

These three disciplinary matters and the four addressed in *In the Matter of Adams*, 287 Ga. 815 (700 SE2d 383) (2010) (*"Adams I"*), all arose from a relatively brief period of time in 2006 during which Respondent Jefferson Lee Adams (State Bar No. 003523) was associated with "The Georgia Law Group of Hurley" and was struggling with substance abuse. Although the State Bar's investigations into all seven of these matters occurred during the same general time frame, and although the matters were all pending before the special master at essentially the same time, for reasons not explained to this Court, these matters proceeded as two separate cases that were presented to this Court at separate times, thereby depriving this Court of the opportunity to consider the totality of Adams' alleged misconduct in context and with a full understanding of its scope. Instead, this Court was presented with only part of the facts and after responding with the lenience requested in *Adams I*, was then presented with the remainder of Adams' alleged transgressions, accompanied with a renewed plea for lenience, in part because the matters arose from a single time period. Such piecemeal adjudication of disciplinary matters not only wastes this Court's resources at a time when those resources are already significantly strained, but also may result in the imposition of disciplinary penalties that ill fit the totality of an attorney's misconduct, and should be avoided in the future.

In any event, these three disciplinary matters are now before this Court on the Report and Recommendation of the special master, Roy R. Kelly III, who recommends that the Court accept Adams' amended petition for voluntary discipline which was filed after this Court rejected his initial petition for voluntary discipline. See *In the Matter of Adams*, 289 Ga. 435 (711 SE2d 627) (2011) (*"Adams II"*). The conduct leading to this case is sufficiently described in *Adams II*, see 289 Ga. at 436. Adams contends that he violated no disciplinary rules in one of the matters, but admits that he violated Rules 1.3, 1.16 and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), in connection with the remaining two. Although the maximum sanction for a single violation of Rule 1.3 is disbarment, Adams

requests that he receive a public reprimand, with conditions, as the combined discipline for these violations.

In his report and recommendation the special master found that Adams violated Rules 1.3, 1.16 and 9.3. He accepted this Court's conclusion from *Adams II* that the discipline meted out in *Adams I* should be considered in aggravation, rather than in mitigation, of punishment, but found the aggravating factor outweighed by the myriad of mitigating factors in this case. Those mitigating factors include that Adams personally refunded the unearned fees paid by these clients; that he was relatively inexperienced in the practice of law at the time, having only been admitted to the Bar six years earlier; that he did not act with an intentionally dishonest or selfish motive; that he was acting under a physical or mental impairment caused by active alcoholism/addiction, a disease recognized by the American Medical Association; that his conduct in these cases arose from a brief period of time and was, at least partially, caused by problems associated with his addiction; and that since these matters arose, Adams has undergone significant rehabilitation and is maintaining his recovery. The special master also found in mitigation that Adams has a good character and reputation and is committed to his recovery as evidenced by the fact that after his misconduct he voluntarily sought help from a recognized residential substance abuse facility and completed its program; he regularly attends and leads Alcoholics Anonymous ("AA") meetings; he is an officer of his local AA group; he volunteers at the substance abuse facility as an alumni volunteer; he assists that facility with legal issues pro bono; he continues to actively participate in the State Bar's Lawyer Assistance Program (which includes random drug tests); and he continues his efforts to recover from alcohol and drug addiction as attested to by numerous letters in support, many of which are from attorneys associated with the Lawyer Assistance Program who have described Adams as a testament to that program. Finally, the special master found that Adams is extremely remorseful for his conduct, and is embarrassed and disappointed by his actions, particularly his failure to be more vigilant in the protection of his clients. Noting that the primary purposes of the disciplinary process are to protect the public from incompetent lawyers, and to maintain the public's confidence in the profession, see *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011); *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994), and that Adams is in a prolonged recovery from the illness of alcohol and substance abuse which led to his wrongful conduct, the special

master recommended accepting Adams' amended petition, imposing a public reprimand and ordering that Adams participate in the programs of the Committee on Lawyer Assistance; that the Committee be authorized to report on his status to the Office of General Counsel as necessary; that Adams be ordered to consult with the State Bar's Law Office Management Program and implement its suggestions in his law practice; and that he take such specific continuing legal education as this Court may deem appropriate. The State Bar has stated its belief that the interests of the public and the profession would be best served by acceptance of Adams' amended petition.

In light of the very special circumstances of this case and particularly in consideration of Adams' sustained recovery from the substance abuse that apparently led to this conduct and the fact that he paid restitution to his clients, we accept Adams' amended petition for voluntary discipline. Accordingly, we hereby order that Respondent Jefferson Lee Adams receive a public reprimand pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c), and that he participate in the programs of the Committee on Lawyer Assistance, which is authorized to report on his status to the Office of General Counsel as necessary. Further, Adams is ordered to consult with the State Bar's Law Office Management Program and implement its suggestions in his law practice.

*Petition for voluntary discipline accepted. Public reprimand with conditions. All the Justices concur.*

DECIDED MAY 29, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.