S13Y0105. IN THE MATTER OF MARGRETT A. SKINNER.
(740 SE2d 171)

PER CURIAM.

Following the issuance by the State Bar of Georgia of a formal complaint against respondent Margrett A. Skinner, a member of the State Bar since 1987,[1] and the appointment of a special master by this Court, Ms. Skinner filed a petition for voluntary discipline in which she admitted having violated Rule 1.6 of the Georgia Rules of Professional Conduct and sought imposition of a Review Panel reprimand for her infraction. The Office of General Counsel of the State Bar recommended that the special master accept the petition for

---

[1] State Bar Number 650748.

voluntary discipline and, after noting the circumstances of the violation, Ms. Skinner's lack of a record of prior disciplinary action, and the personal and emotional problems she faced at the time of the infraction, the special master found imposition of a Review Panel reprimand to be an appropriate recommendation and recommended that this Court accept the petition for voluntary discipline.[2]

Rule 1.6 of the Georgia Rules of Professional Conduct requires a lawyer to maintain in confidence all information gained in the professional relationship with a client unless the client consents to disclosure after consultation, excepting disclosures that are not present in this case. Rule 1.6 (a), (b). The duty of confidentiality survives the termination of the client-lawyer relationship (Rule 1.6 (e)), and the maximum penalty for violation of Rule 1.6 is disbarment. In her petition, Ms. Skinner admitted that, after the client had notified Ms. Skinner that the client had discharged Ms. Skinner and had obtained new counsel, Ms. Skinner posted on the internet personal and confidential information about the client that Ms. Skinner had gained in her professional relationship with the client. Ms. Skinner posted the information in response to negative reviews of Ms. Skinner the client had posted on consumer websites.

While this Court has not been faced with a violation of Rule 1.6 by means of internet publication, the supreme courts of two states have. The Supreme Court of Illinois accepted a petition to impose a 60-day suspension on consent of an attorney who, among other things, had published in a blog related to her legal work confidential information about her clients and derogatory comments about judges, and had included information from which the identity of the clients and the judges could be discerned.[3] The Supreme Court of Wisconsin

---

[2] In addition to the allegation that Rule 1.6 had been violated, the Formal Complaint filed against Ms. Skinner averred that Ms. Skinner had violated the Georgia Rules of Professional Conduct in other aspects of her representation of the client by wilfully disregarding a legal matter entrusted to her, without just cause and to the detriment of the client (Rule 1.3); by failing to keep a client reasonably informed of the status of the client's legal matter and by failing to provide an itemized statement as requested by the client (Rule 1.4); and by failing to honor the client's request to deliver the client's file to the client's new attorney and by initially refusing to refund to the client the unearned portion of the fee paid by the client (Rule 1.16). Because the client and Ms. Skinner had conflicting factual accounts underlying these charges, the special master believed it appropriate to consider only Ms. Skinner's petition for voluntary discipline that contained admissions of violating Rule 1.6.

[3] See *In re Peshek*, M.R. 23794, 09 CH 89 (May 18, 2010). In addition to a violation of Rule 1.6, the Illinois attorney admitted "conduct which tends to defeat the administration of justice or bring the courts or the legal profession into disrepute," and, for failing to inform the court of a client's misstatement of fact to the court, violations of Illinois Rules of Professional Conduct, Rules 1.2 (g), 3.3 (a) (2), and 8.4 (a) (4), (5). *Office of Lawyer Regulation v. Peshek*, 334 Wis.2d 373 (798 NW2d 879) (2011).

imposed reciprocal discipline, i.e., a 60-day suspension, for the attorney's conduct, quoting extensively in its opinion from documents filed in the Illinois proceeding. See *Office of Lawyer Regulation v. Peshek*, 334 Wis.2d 373 (798 NW2d 879) (2011). In *In re Quillinan*, 20 DB Rptr. 288 (2006), summarized by the State Bar of Oregon in http://www.osbar.org/publications/bulletin/07jan/discipline.html, the Oregon disciplinary board approved a stipulation for discipline that suspended for 90 days an attorney who drafted and transmitted an e-mail disclosing to members of the Oregon State Bar's workers' compensation listserve personal and medical information about a client whom she named, and suggesting the client was seeking a new lawyer.[4]

That a lawyer maintain confidentiality of information relating to the representation is a fundamental principle in the client-lawyer relationship. Comment [4], Rule 1.6. The observance of this ethical obligation "facilitates the full development of facts essential to proper representation of the client [and] encourages people to seek early legal assistance." Comment [2], Rule 1.6. While we recognize the existence of mitigating factors in this case,[5] based on the lack of information concerning Ms. Skinner's violation that is in the record before us,[6] we reject the petition for voluntary discipline that seeks a Review Panel reprimand, the mildest form of public discipline authorized by the Rules of Professional Conduct, for the violation of Rule 1.6.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED MARCH 18, 2013.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

---

[4] Ms. Quillinan's 90-day suspension was for her violations of Rules 1.9 (c) (1) and (c) (2), in addition to her violation of Rule 1.6.

[5] Mitigating factors are Ms. Skinner's lack of a disciplinary history, her refund of the fee paid by the client, her statement of remorse, and the emotional and physical effects of her own surgery and the deaths of both her parents.

[6] Among other things, we note that the record does not reflect the nature of the disclosures (except that they concern personal and confidential information) or the actual or potential harm to the client as a result of the disclosures.