## S13Y0564. IN THE MATTER OF REED EDMONDSON, JR.
### (742 SE2d 740)

PER CURIAM.

After this Court rejected the first petition for voluntary discipline filed by Respondent Reed Edmondson, Jr. (State Bar No. 239914), see *In the Matter of Edmondson*, 291 Ga. 356 (729 SE2d 368) (2012), the State Bar filed a Formal Complaint charging Edmondson with violations of Rules 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Edmondson then filed a second petition for voluntary discipline in which he requested imposition of a public reprimand for his actions and agreed that he will take certain steps to improve communication with his clients. The State Bar has no objection to Edmondson's petition, and special master, Margaret Gettle Washburn, recommends accepting it. We agree.

The facts are as discussed in *Edmondson*, supra, but the record also shows that Edmondson had valid reason for deciding not to respond to the second motion for summary judgment on behalf of his client inasmuch as the facts of the client's case developed to show that the client had no legal or factual basis upon which to continue to mount a defense. Nevertheless, Edmondson admits that he failed to communicate clearly and fully with his client or to withdraw from further representation.

By his actions Edmondson violated Rules 1.4 and 1.16 (d) of the Georgia Rules of Professional Conduct. In aggravation of punishment we find that Edmondson has two prior disciplinary matters: a letter of formal admonition in 2005 and an Investigative Panel reprimand in 2008. In mitigation of punishment we note Edmondson's remorse, his lack of a dishonest or selfish motive and his full disclosure to, and cooperation with, the State Bar during these disciplinary proceedings. In addition, we find it important that Edmondson was merely negligent in his failure to communicate with his client, that he caused his client no financial harm, and that he acted to rectify the consequences of his actions by representing his client for no additional charge in the subsequent garnishment action. Moreover, it appears that Edmondson has a reputation for good character in the legal community and in the community where he lives and works, taking on appointments from the courts and serving the Bar.

Based upon our review of the entire record, we agree to accept Edmondson's petition for voluntary discipline and hereby order that Edmondson receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violations of Rules 1.4 and 1.16 (d) and that Edmondson (1) consult with the Law Practice Management Program ("LPMP") of the State Bar of Georgia; (2) waive confidentiality of the LPMP's report as to the Office of General

Counsel ("OGC") of the State Bar; (3) provide a copy of the LPMP's assessments and recommendations to the OGC and (4) complete five hours of continuing education on the subject of attorney-client relations or similar matters focusing on attorney-client communication within six months and report completion of that education to the OGC.

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

DECIDED MAY 6, 2013.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Giacoma Schleicher, Gene Chapman*, for Edmondson.