295 Ga. 217
FINAL COPY

S14Y0661. IN THE MATTER OF MARGRETT A. SKINNER.

PER CURIAM.

The State Bar of Georgia made a formal complaint against respondent Margrett A. Skinner (State Bar No. 650748), alleging violations of Rules 1.3, 1.4, 1.6, and 1.16 of the Georgia Rules of Professional Conduct. Prior to an evidentiary hearing on the formal complaint, Skinner filed a petition for voluntary discipline, admitting that she violated Rule 1.6 by improperly disclosing confidential information about a former client, and in which she agreed to accept a Review Panel reprimand for the violation. The special master and the State Bar recommended that we accept the petition for voluntary discipline. We rejected the petition, however, noting that a Review Panel reprimand is "the mildest form of public discipline authorized . . . for the violation of Rule 1.6," In the Matter of Skinner, 292 Ga. 640, 642 (740 SE2d 171) (2013), and noting as well that the petition and accompanying record did not "reflect the nature of the disclosures (except that they concern [unspecified] personal and confidential information) or the actual or potential harm to the

client as a result of the disclosures." Id. at 642, n. 6. Following our rejection of the petition, the special master conducted an evidentiary hearing, and he made his report and recommendation on December 18, 2013, in which he found that Skinner violated Rules 1.4 and 1.6 but not Rules 1.3 and 1.16.[1] Neither party sought review of the report by the Review Panel, and the matter is again before this Court for decision.

In his report, the special master found that a client retained Skinner in July 2009 to represent her in an uncontested divorce, and she paid Skinner $900, including $150 for the filing fee. For six weeks, the client did not hear anything from Skinner, and after multiple attempts to contact Skinner, the client finally was able to reach Skinner again in October 2009. At that point, Skinner informed the client that Skinner had lost the paperwork that the client had given to Skinner in July. Skinner and the client then met again, and Skinner finally began to draft pleadings for the divorce. The initial drafts of the pleadings had multiple errors, and Skinner and the client exchanged several drafts and communicated by e-mail about the status of the case in October and early

---

[1] Joseph A. Boone was appointed as special master in this matter.

November 2009. Those communications concluded by mid-November, and Skinner and the client had no more communications until March 18, 2010, when the client reported to Skinner that her husband would not sign the divorce papers without changes. In April 2010, both the client and her husband signed the papers.

A disagreement developed about the fees and expenses of the divorce. Skinner asked the client for an additional $185 for certain travel expenses and the filing fee. In April and early May 2010, Skinner and the client exchanged several e-mails about the request for additional money. Then, on May 18, the client informed Skinner that she had hired another lawyer to complete her divorce, and she asked Skinner to deliver her file to new counsel and to refund $750. Skinner replied that she would not release the file unless she were paid. Although Skinner eventually refunded $650 to the client, Skinner never delivered the file to new counsel, contending that it only contained her "work product." New counsel completed the divorce within three months of her engagement.

Around this time, the client posted negative reviews of Skinner on three consumer Internet pages. When Skinner learned of the negative reviews, she

posted a response on the Internet, a response that contained personal and confidential information about her former client that Skinner had obtained in the course of her representation of the client. In particular, Skinner identified the client by name, identified the employer of the client, stated how much the client had paid Skinner, identified the county in which the divorce had been filed, and stated that the client had a boyfriend. The client filed a grievance against Skinner, and in response to the grievance, Skinner said in August 2011 that she would remove her posting from the Internet. It was not removed, however, until February 2012.

The special master found that Skinner violated Rule 1.4 when she failed between July and October 2010 to keep her client reasonably informed of the status of the divorce, and the special master found that Skinner violated Rule 1.6 when she disclosed confidential information about her client on the Internet. The special master found no violation of Rules 1.3 and 1.16.[2] Turning to the

_____

[2] About Rule 1.16, the special master reported his belief that Skinner technically violated the rule by failing to deliver the file of her client to successor counsel based on a mistaken belief that signed pleadings in the file belonged to her as "work product." See Formal Advisory Opinion 87-5; Swift, Currie, McGhee & Hiers v. Henry, 276 Ga. 571 (581 SE2d 37) (2003). But the special master did not actually find a violation nor recommend any discipline under Rule 1.16. The special master reported that he made no such finding or recommendation because there was no clear and convincing evidence of prejudice, insofar

4

appropriate discipline for these violations, the special master noted that Skinner had substantial experience as a practicing lawyer — she was admitted to the Bar in 1987 — which is an aggravating circumstance. The special master also found, however, a number of mitigating circumstances, including that Skinner had no prior discipline, the absence of a dishonest or selfish motive for her improper conduct, that she refunded a substantial portion of her fee to the client even after doing work for the client, that she accepted responsibility for her misconduct by filing a petition for voluntary discipline, that she otherwise was cooperative in the disciplinary proceedings, and that she had expressed remorse for her misconduct. In addition, the special master found as mitigation that Skinner experienced a number of personal problems during her representation of the client and the subsequent time that she posted the confidential information about her client on the Internet, including colon surgery in April 2010, the diagnosis of both her mother and father with cancer (she was their primary caregiver), and the death of her father. For both violations, the special master recommended a public reprimand, with the additional condition that Skinner "be instructed to

---

as the client already had the documents contained in the file. As to the retention of unearned fees, the special master found the issue moot in light of the refund of $650 to the client.

take advantage of the State Bar's Law Practice Management services and recommendations with respect to internal office procedures, client files, and case tracking procedures."

We have reviewed carefully the record and the very detailed report of the special master, and we agree with his recommendation of a public reprimand, as well as the additional condition that Skinner be instructed to take advantage of the State Bar's Law Practice Management services and recommendations with respect to internal office procedures, client files and case tracking procedures. See In the Matter of Adams, 291 Ga. 173 (729 SE2d 313) (2012). Although other jurisdictions occasionally have disciplined lawyers more severely for improper disclosures of client confidences, we note that those cases involved numerous clients and violations of other rules, see Office of Lawyer Regulation v. Peshek, 334 Wis.2d 373 (798 NW2d 879 (2011) (60-day suspension), or the disclosure of especially sensitive information that posed serious harm or potential harm to the client, see In re Quillinan, 20 DB Rptr. 288 (Ore. Disp. Bd. 2006) (90-day suspension), available at www.osbar.org/_docs/dbreport/dbr20.pdf. In this case, the improper disclosure of confidential information was isolated and limited to a single client, it does not

appear that the information worked or threatened substantial harm to the interests of the client, and there are significant mitigating circumstances. Accordingly, we hereby order that Skinner receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c), and we order that she consult with the Law Practice Management Program of the State Bar as set forth above and implement its suggestions in her law practice.

Public reprimand. All the Justices concur.


Decided May 19, 2014.

Public reprimand.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.

William H. Noland, for Skinner.