300 Ga. 645
FINAL COPY

S17Y0531. IN THE MATTER OF DAVID J. FARNHAM.

Per curiam.

This disciplinary matter is before the Court on the report and recommendation of special master Brian D. Burgoon who recommends that the Court accept the petition for voluntary discipline filed by Respondent David J. Farnham (State Bar No. 255410) pursuant to Bar Rule 4-227 (c) after three formal complaints were filed against him, and impose a public reprimand on Farnham for his admitted violations of Rules 1.3, 1.16 (d), and 5.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Although the maximum penalty for a single violation of Rules 1.3 or 5.3 is disbarment, this Court agrees to accept the petition for voluntary discipline.

In his petition, Farnham, who has been a member of the State Bar since 1986, recited that a former client who Farnham had hired as an investigator filed a grievance against him (docketed as State Disciplinary Board ("SDB") Docket No. 6581) alleging, among other things, that one of Farnham's other non-lawyer employees routinely held himself out as a lawyer; that Farnham paid that non-

lawyer to bring in potential personal injury clients who had not otherwise contacted the firm; that Farnham divided legal fees with that non-lawyer; and that Farnham failed to properly supervise the non-lawyer. Farnham denied almost all of the allegations, but admitted that "at times in the past" he violated Rule 5.3 by not maintaining adequate direction and control over the non-lawyer's activities. Farnham also contended, and the State Bar apparently admits, that he was improperly suspended from November 27, 2013 to January 2, 2014 on the Bar's allegation that he failed to respond to the notice of investigation relating to this matter even though he did timely and properly respond.

With regard to the second formal complaint (SDB Docket No. 6705), Farnham recited that in February 2011 he was retained by a client to represent her in a personal injury matter. He contended that he filed suit on the client's behalf, but that the case was almost immediately removed to federal court at which time it was assigned to another lawyer in Farnham's office and Farnham ceased actively participating in the action. Farnham acknowledged that the defendant's discovery requests and motions went unanswered and that the client's lawsuit ultimately was dismissed at the summary judgment stage for

2

failure to raise a genuine issue as to damages or causation. Although Farnham asserted that the client's case was handled appropriately while he was responsible for it, he admitted that he violated Rule 1.16 (d) by failing to formally withdraw or file a substitution of counsel once the suit was removed to federal court and he was no longer actively involved in the representation.

With regard to the last formal complaint (SDB Docket No. 6706), Farnham recited that he was retained by a client to represent him in a divorce action; that he filed the action in June 2011; that after mediation, the parties reached a resolution which he memorialized into a proposed final order; that "[w]hen the order was misplaced, a follow-up status conference was set by the [trial c]ourt for November 15, 2011, at which time the case was dismissed"; that when Farnham learned of the dismissal in 2013, he agreed to refile the divorce at no additional cost to the client; that he did so in June 2013; and that he promptly sought to enforce the earlier settlement agreement. Although Farnham admitted that he and his client missed two status conferences in the renewed action, he contended that he never received prior notice of those conferences and speculated that the failure was related to an alleged "hack" of his e-mail account. Farnham asserted that the client terminated him upon learning that Farnham had

3

been suspended from the practice of law (related to SDB Docket No. 6581, above) and claimed that he promptly filed a substitution of counsel. With regard to this matter, Farnham admitted that he violated Rule 1.3 by failing to diligently determine that the client's suit had not been finalized and to promptly pursue the renewed action. Farnham denied that he violated any other rule with respect to this representation, but agreed in his petition to refund by December 1, 2016 the $5,000 that the client had paid in attorney fees and asserted that acceptance of his petition could be conditioned on proof of repayment.

In mitigation of discipline, Farnham asserted that he lacked any dishonest or selfish motive, that he had been cooperative in these disciplinary proceedings, and that he had already suffered an improper suspension as a result of the erroneous allegations in SDB Docket No. 6581. In aggravation of discipline, Farnham admitted that he had been the subject of prior discipline, including a letter of admonition in 1992 and investigative panel reprimands in 1992 and 2007. Given his admitted violations of Rules 1.3, 1.16, and 5.3 and the aggravating and mitigating factors, Farnham requested a public reprimand as the appropriate discipline.

The Bar responded to the petition, raising no objection and asserting that

4

a reprimand is generally appropriate when a lawyer causes a client injury or potential injury through mere negligence or failure to act with reasonable diligence, see American Bar Association ("ABA") Standards for Imposing Lawyer Discipline, Standard 4.43, and/or when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, see ABA Standard 7.3. The Bar contended that the reprimand sought is consistent with prior disciplinary cases involving similar rule violations and a petition for voluntary discipline, citing In the Matter of Brown, 296 Ga. 439 (768 SE2d 456) (2015); In the Matter of Edmondson, 292 Ga. 893 (742 SE2d 740) (2013); In the Matter of Ellis, 296 Ga. 83 (764 SE2d 856) (2014).

The special master issued its report and recommendation noting that Farnham already had refunded the full $5,000 to his client. The special master acknowledged Farnham's admission that he had violated Rules 1.3, 1.16, and 5.3; accepted the factors Farnham recited in mitigation and aggravation; found applicable the ABA Standards cited by the Bar to support the imposition of a reprimand; and concluded that a public reprimand was an appropriate level of discipline in this case. Accordingly, the special master recommended that the

Court accept the petition for voluntary discipline and impose a public reprimand as discipline for Farnham's conduct. As neither party has sought review by the Review Panel, both have waived any right to file exceptions with, or make request for oral argument to, this Court. See Bar Rules 4-217, 4-219.

This Court has reviewed the entire record and agrees that under the particular facts of this case, including the fact that the Bar appears to admit that Farnham was suspended erroneously for more than a month in relation to these matters, a public reprimand is an appropriate level of discipline for the admitted violations of Rules, 1.3, 1.16, and 5.3. See In the Matter of Adams, 287 Ga. 815 (700 SE2d 383) (2010) (imposing a public reprimand with conditions for attorney's violations of Rules 1.3, 1.4, 1.16, 5.3, and 9.3 in four separate disciplinary matters where attorney had no prior disciplinary history). Accordingly, we accept the petition for voluntary discipline and hereby order that David J. Farnham receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c).

Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.

Decided February 27, 2017.

6

Public reprimand.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittleman, Assistant General Counsel State Bar, for State Bar of Georgia.