# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF ROBERT DRASKOVICH, BAR NO. 6275.

No. 82457

**FILED**

DEC 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF PUBLIC REPRIMAND

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation to publicly reprimand attorney Robert Draskovich for violating RPC 1.6(a) (confidentiality) and RPC 1.9(c) (duty to former clients) by disclosing information related to his representation of a former client in response to the client's negative online review of Draskovich's performance.

## FACTS

On the internet platform Avvo.com, Draskovich's former client posted an anonymous review warning readers not to hire Draskovich. The review was lengthy and claimed that Draskovich or his firm gave false assurances, charged too much, failed to communicate, and lacked knowledge about the client's case. Although the client posted the review anonymously, Draskovich posted a response in which he did not merely disagree with the client's assessment of his work, but instead disclosed the client's name, case number, specific facts about the criminal charges against the client, and numerous details related to his representation of the client.

The client filed a grievance asking the State Bar to discipline Draskovich for improperly revealing confidential information. A formal complaint and disciplinary hearing followed, with the panel concluding that RPC 1.6(b)(5)'s self-defense exception to the confidentiality rules allowed Draskovich to disclose confidential information, but that his disclosures

21-34264

went beyond what was reasonably necessary to refute the review, and he thus violated RPC 1.6(a) and RPC 1.9(c).

## DISCUSSION

The professional conduct rules at issue address the duty to keep client information confidential. Under RPC 1.6(a), lawyers are prohibited from revealing "information relating to representation of a client unless . . . the disclosure is permitted by paragraphs (b) and (d)." As relevant here, under RPC 1.6 paragraph (b), "[a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary . . . [t]o establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client." RPC 1.6(b)(5). The duty to maintain confidentiality of client information continues beyond the termination of the attorney-client relationship. RPC 1.9(c)(2).

*Violation of RPC 1.6(a) and RPC 1.9(c)*

The State Bar has the burden of showing by clear and convincing evidence that Draskovich committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). The facts are undisputed as to the contents of the review and Draskovich's response. Draskovich no longer disputes that he disclosed client information protected by RPC 1.6(a) and RPC 1.9(c), and instead focuses on the exception in RPC 1.6(b)(5), arguing that he was allowed to disclose such information in defending against a controversy created by the client's negative review. As the panel observed, a two-part calculus applies when an attorney invokes the self-defense exception to the confidentiality rules' prohibition against disclosing client information, which, in this situation, requires both that (1) a controversy existed, and (2) the attorney's defense thereto revealed no more client information than he reasonably believed

necessary. RPC 1.6(b)(5); *cf. In re Conduct of Conry*, 491 P.3d 42, 54 (Or. 2021) (applying the same analysis).

Other jurisdictions are split on the issue of whether an online review constitutes a controversy as contemplated by Rule 1.6(b)(5), and we recognize that the issue implicates several policy concerns, including that internet reviews are used frequently and can be injurious; yet, lawyers are obligated to protect client confidences, except as reasonably necessary to establish a claim or defense. *Cf. Conry*, 491 P.3d at 54-55 (observing that Rule 1.6 is not clear as to what constitutes a "controversy;" and the ordinary and legal definitions are not consistent for purposes of determining whether controversy includes an online review or requires something more akin to a formal legal proceeding; and policy considerations factor into how the controversy exception should be applied, especially considering the type of information that may be revealed if it does). However, we need not reach that issue in this matter because the record supports the panel's finding that Draskovich's response fails on the second part of the test in that he disclosed information beyond what the rule permits. SCR 105(3)(b) (providing that this court gives deference to the panel's findings of fact but reviews de novo its conclusions of law); *see Conry*, 491 P.3d at 54-55 (in a matter legally and factually on par with this one, concluding that the self-defense exception did not shield an attorney from discipline without deciding whether the client's review created a "controversy" because, even assuming it did, the attorney disclosed information beyond what was reasonably necessary in defense). We also agree with the panel's resulting conclusion that he violated RPC 1.6(a) and 1.9(c) by disclosing such information. *In re Discipline of Colin*, 135 Nev. 325, 330, 448 P.3d 556, 560 (2019) ("[W]e determine de novo whether the factual findings establish an RPC violation.").

Draskovich argues that he should not be disciplined because RPC 1.6(b)(5) is impermissibly vague as applied to his actions and fails to provide notice as to what information a lawyer may disclose in response to a negative online review. Even if it is not impermissibly vague, he asserts that he responded "in the same or similar manner as a reasonably prudent lawyer under the circumstances," such that this court should reject the panel's conclusion that his response went beyond RPC 1.6(b)(5), and its resulting disciplinary recommendation. We disagree with both assertions.

"A law may be struck down as impermissibly vague for either of two independent reasons: (1) if it 'fails to provide a person of ordinary intelligence fair notice of what is prohibited'; or (2) if it 'is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" *Carrigan v. Comm'n on Ethics*, 129 Nev. 894, 899, 313 P.3d 880, 884 (2013) (quoting *State v. Castaneda*, 126 Nev. 478, 481-82, 245 P.3d 550, 553 (2010)). RPC 1.6(b)(5) permits a lawyer to reveal information related to the representation of a client to defend against a controversy "to the extent the lawyer reasonably believes necessary."

Draskovich is a well-regarded criminal defense attorney who has been practicing for 23 years and he researched the parameters of the disclosure exception to the confidentiality rules before posting his response. Although he raises an interpretation issue as to what client information a lawyer may "reasonably" believe necessary to reveal in an on-line lawyer-client controversy, many statutes and rules contain some variant of the "reasonable person" standard. Additionally, RPC 1.0 includes definitions of key terminology used within the Rules, including "reasonable" or "reasonably" and "reasonably believes," and those definitions are based on the conduct of a "reasonably prudent and competent lawyer" *and* whether the circumstances are such that the lawyer's belief is reasonable. *See* RPC

1.0(h)-(i). Applying RPC 1.0, "the attorney's belief about the necessity of the disclosure must thus be objectively reasonable." *Conry*, 491 P.3d at 55. Thus, RPC 1.6(5)(b) does not fail to provide an experienced attorney with notice of what the Rule prohibits, and it is not so vague as to fail to meet due process requirements. *Williams v. State*, 118 Nev. 536, 546, 50 P.3d 1116, 1122 (2002) ("Statutes are presumptively valid and the burden is on those attacking them to show their unconstitutionality.").

Here, the record supports the panel's conclusion that the range of information Draskovich disclosed in responding to his former client's anonymous review went well beyond what the review itself addressed, making the response objectively unreasonable. In particular, without revealing any details about his case other than that he faced sex crime charges, the client explained that he had consulted with Draskovich, who, while offering assurances that he had experience in the type of matter and that the case would not likely move forward to trial, left the client and his wife very uneasy; their uneasiness grew as the preliminary hearing approached, during which time they had difficulty contacting Draskovich directly and it appeared that the recommended investigator had done nothing; and then, on the eve of the hearing, Draskovich reversed course and told the client he needed to come up with $40,000 to retain Draskovich going forward. The amount and type of client information Draskovich disclosed in response cannot, as he claims, be deemed narrowly tailored and proportionately measured to the issues raised in the review. This is evident from the full text of the response, in which Draskovich wrote:

> Mr. [client's last name], We realize that being charged with sexual abuse against a child is truly an upsetting and stressful predicament. However, posting a false review does not help your current state of affairs. We have attempted to reach out to you to address your concerns and you have not

Supreme Court
of
Nevada

(O) 1947A

5

responded to our attempts. In your case, The State of Nevada vs. [client's full name] Case #: [client's criminal case number], I made a number of appearances on your behalf concerning your bail and the conditions of your release on [x date, y date, and z date]. While I was able to modify the conditions imposed upon you, Judge [judge's last name] lamented that she had imposed an insufficient bail amount considering the 12 life sentences you are facing. I met personally with you and your 'wife' on [a date, b date, c date, d date, and e date] to discuss how to appropriately defend you against these charges. Prior to retaining my firm, you admitted to police that you had kissed your 9-year-old neighbor on the lips with an open mouth and that this 9-year-old girl was sexually 'attracted' to you, a 40-year-old man. Nevertheless, I was able to negotiate your case to a reduced charge of coercion and a sentence of probation. After a lengthy preliminary hearing, you rejected the State's offer of a probationary sentence, which is your right. Our firm then quoted you a trial fee of $40,000, which is reasonable considering the circumstances of your case.[1]

The detailed content of Draskovich's response falls squarely within the field of behavior that RPC 1.6(b)(5) prohibits because the disclosures included in it are not reasonable under the circumstances and are not tailored narrowly to address the client's allegations.

The circumstances here mirror those in *Conry*, as Draskovich, like Conry, argues that the client's review contained falsehoods, and that he reasonably believed that the information in his response was "necessary" to address those falsehoods. *Cf. Conry*, 491 P.3d at 55 ("As applied here, the question is whether the circumstances were such that it was objectively

---

[1]This reprint redacts the client's name and case number, the consultation and appearance dates, and the judge's name, which were included in Draskovich's post.

reasonable for respondent to believe that disclosing client's full name and specific criminal convictions was necessary (*e.g.*, essential or indispensable) for him to establish a claim or defense to client's allegations."). Also like *Conry*, Draskovich asserts that he believed it reasonably necessary to disclose the client's name and criminal case information to allow the public to assess the accuracy of the client's representations and his responses thereto. *Id.* at 56. The client posted his review anonymously, however, and his complaints pertained to his uneasiness about the way the case proceeded due to his perceptions about lack of communication and lack of meaningful work leading up to the preliminary hearing. Regardless of whether the client's perceptions included falsehoods, under an objectively reasonable standard, they did not require a response disclosing the factual basis underlying the charges against the client or the client's name or case number. *Cf. id.* (rejecting attorney's argument that he disclosed only what was reasonably necessary to defend against a client's allegedly defamatory reviews where the attorney posted the client's full name together with the details of client's criminal history, thus revealing the client's identity "not just to those persons who sought out these particular reviews, but also to other members of the public as well"). To the extent Draskovich was unsure about whether his response would be professionally appropriate under RPC 1.6(b)(5), he could have sought an ethics opinion from the State Bar before responding. Regardless, his experience and the research he admittedly conducted provide sufficient guidance that should have informed his disclosure decision.

Many ethics decisions available when Draskovich responded to the client's review support that any response must be proportional and restrained to address the specific allegations at issue. *E.g.*, Pa. Bar Ass'n Formal Op. 2014-200 at 1. Addressing the concept of what the lawyer

"reasonably believes necessary" to mount a defense, the American Law Institute has cautioned that disclosure under Rule 1.6(b)(5) "is warranted only when it constitutes a proportionate and restrained response to the charges. The lawyer must reasonably believe that options short of use or disclosure have been exhausted or will be unavailing or that invoking them would substantially prejudice the lawyer's position in the controversy." Restatement (Third) of the Law Governing Lawyers § 64, cmt. e (Am. Law. Inst. 1996). Ethics opinions and court decisions confirm that unrestrained or disproportionate disclosure of client information in response to a controversy subject the attorney to discipline. *See, e.g., Conry*, 491 P.3d at 60 (publicly reprimanding attorney for making disclosures similar to those made here, while observing that the matter presented an issue of first impression); *People v. Isaac*, 2016 WL 6124510 (Colo. O.P.D.J. 2016) (disciplining an attorney for disclosing, in response to negative online reviews, information related to the nature of the criminal charges against his clients, details of the representation, and that one client allegedly fabricated affidavits, because the disclosure went well beyond what was reasonably necessary to defend against the reviews);[2] *In re Tsamis*, No. 2013PR00095, Ill. Att'g Regis. & Disciplinary Comm'n (2014), available at http://www.iardc.org/13PR0095CM.html (disciplining attorney for posting an adversarial response to a Avvo.com review from an unemployment client who claimed that the attorney "only wants your money" and that her assurances were a "huge lie," where the attorney revealed in her response that the client's "own actions in beating up a female coworker are what

---

[2]In *Isaac*, the disciplinary judge rejected the attorney's claim that he posted only what was reasonably necessary to refute the reviews, concluding that "as a matter of law" the attorney "could not have reasonably believed it necessary to disclose the full range of information he posted in his Google Plus responses." 2016 WL 6124510 at *4.

Supreme Court
of
Nevada

(O) 1947A

caused the consequences he is now so upset about"); *see also In re Skinner*, 758 S.E.2d 788, 789-90 (Ga. 2014) (publicly reprimanding attorney who responded to a divorce client's negative online reviews by disclosing information about the client, including the client's name and employer, how much the client paid the attorney, the county in which the divorce had been filed, and that the client had a boyfriend).

*Appropriate discipline*

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Draskovich was at least negligent in violating duties owed to his former client (confidentiality).[3] The record supports the panel's finding as to lack of actual injury and its finding that Draskovich's response had the "propensity to embarrass" the client, although not proven here. The baseline sanction before considering aggravating and mitigating circumstances is reprimand.[4] *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.23 (calling for a reprimand when a lawyer negligently reveals information related to the representation of a client and the disclosure causes injury or potential injury to a client).

The record supports the panel's finding of one aggravating circumstance (substantial experience in the practice of law) and four

---

[3]The disciplinary panel did not make a specific finding about mental state, but the record supports the minimal state of negligence.

[4]We are not persuaded by the State Bar's suggestion that the suspension or disbarment standards may apply.

mitigating circumstances (absence of prior disciplinary record, reputation, full and free disclosure/cooperative attitude, and absence of a dishonest motive[5]). Considering the four factors, including the weight of the mitigating factors and that the rule violations resulted in no actual injury but potential injury, and additionally considering that this was a one-time offense under a rule that has not been addressed in Nevada in this context, we agree with the panel's recommendation that a reprimand is appropriate. Accordingly, we hereby publicly reprimand attorney Robert Draskovich for violating RPC 1.6(a) (confidentiality) and RPC 1.9(c) (duty to former clients). Also, Draskovich must pay the costs of the disciplinary proceeding plus $1,500 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                              Herndon

cc:   Chair, Southern Nevada Disciplinary Board
      Bailey Kennedy
      Eglet Adams
      Bar Counsel, State Bar of Nevada
      Executive Director, State Bar of Nevada

---

[5]The panel found that Draskovich had a self-interested but honest motive, i.e., defending his reputation, which is permissible in some circumstances, such that the self-interested aspect of his motive was neither aggravating nor mitigating. We perceive no basis for setting that finding aside. SCR 105(3)(b); *Sowers v. Forest Hills Subdivision*, 129 Nev. 99, 105, 294 P.3d 427, 432 (2013).

SUPREME COURT
OF
NEVADA

(O) 1947A